IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02543-PAB-MJW

ELISHA MATTHEW IAN MCNUTT,

    Petitioner,

v.

AUDIE SHERROD,

    Respondent.

---

**RECOMMENDATION ON
APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241 (Docket No. 2)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before this court pursuant to a General Order of Reference to United States Magistrate Judge (Including Dispositive Motions) issued by former Judge Edward W. Nottingham on January 9, 2007. (Docket No. 5). The case was subsequently reassigned to Judge Philip A. Brimmer on October 31, 2008. (Docket No. 23).

Now before the court for a report and recommendation is the pro se incarcerated petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 2) ("the petition"). Respondent timely filed a Response to Order to Show Cause Regarding Application Pursuant to 28 U.S.C. § 2241 (Docket No. 10), and petitioner filed a Response to the Response (Docket No. 14). On June 6, 2008, this court directed the respondent to file a Reply to the

petitioner's claim in his Response (Docket No. 14 at 13-14) that his confinement at the U.S. Disciplinary Barracks was stipulation of his Pre-Trial Agreement. (Docket No. 19). The court noted that section 1(g) of the respondent's Exhibit D stated that the Pre-Trial Agreement was attached, but there was no such attachment. (Docket No. 19). Respondent then filed a Reply (Docket No. 20) and a Supplemental Reply (Docket No. 22) which attached a copy of the Pre-Trial Agreement. The court has considered the above-mentioned filings and applicable statutes, Federal Rules of Civil Procedure, and case law and has taken judicial notice of the court's file. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation that the petition be denied and dismissed.

Petitioner, Elisha Matthew Ian McNutt, is a military prisoner. He filed his petition while he was incarcerated at the Federal Correctional Institution ("FCI") in Englewood, Colorado. He is currently housed at the FCI in Raybrook, New York.[1] In March 2004, petitioner pled guilty in an Army general court-martial to charges of Sodomy and Indecent Acts With a Child for performing sexual acts with his then five-year-old daughter. He was sentenced to a dishonorable discharge, demotion in rank, and confinement for fifteen years. The period of confinement was later reduced to eight years, and the execution of the demotion in rank was deferred. (Docket No. 10-5 at 2).

Petitioner alleges the following in his petition. On September 15, 2006,

---

[1] The Inmate Locator on the BOP's website (www.bop.gov) indicates that petitioner's actual or projected release date is May 31, 2009.

petitioner was transferred from military custody and housing in the United States Military Barracks and transferred to the Federal Bureau of Prisons' ("BOP") custody and eventual confinement in FCI Englewood. This transfer allegedly violated his rights under the Fourth and Fourteenth Amendments.

Petitioner raises the following three claims for relief. First, he claims a deprivation of liberty in violation of the Fourteenth Amendment because military regulations require that military prisoners are to be afforded a minimum standard of care by the confining institution, but the BOP does not conform to military policies in this manner. More specifically, petitioner's transfer resulted in loss of liberties of $35 per month in health and comfort supplies provided by the facility and no-pay health coverage for doctor visits and prescriptions. Second, petitioner claims a "downward departure of justice & deprivation of liberty" in violation of the Fourteenth Amendment because his transfer resulted in the loss of the possibility of parole, eligibility in a mandatory supervised release program, and the potential enrollment in crime-specific treatment. Third, he asserts that there was a "failure of due process" in violation of the Fourth Amendment because his transfer from military custody and housing at the United States Disciplinary Barracks to BOP custody was an action against the terms of a Pre-Trial Agreement which states that petitioner will serve his sentence at the United States Military Barracks.

Petitioner seeks the following relief: (1) transfer to military custody and confinement at the United States Disciplinary Barracks, (2) issuance of good time credit in the amount of five days for each day he was in BOP custody, and (3) monetary compensation equal to the amount of health and comfort funds lost due

to non-issuance by the BOP and FCI Englewood.

In response, respondent asserts the following. Petitioner was originally incarcerated at the military disciplinary barracks in Ft. Leavenworth, Kansas, but in September 2006 petitioner received notice that he was be transferred to FCI Englewood and was given a reporting date of on or about September 12, 2006. In addition, petitioner was notified that the U.S. Disciplinary Barracks would retain administrative control over him for the purpose of disposition boards and sentence computation. He was transferred to FCI Englewood on September 14, 2006. Petitioner's first claim for relief is not a proper object of an action under § 2241 and should be dismissed for want of jurisdiction. In addition, petitioner has failed to exhaust his administrative remedies with respect to his first claim for relief. Furthermore, petitioner is not entitled to transfer to military custody. Finally, attached to his Supplemental Reply, respondent provided the court with a copy of the petitioner's Pre-Trial Agreement. Respondent asserts that "[i]t is clear that notwithstanding McNutt's contentions, the document includes no agreement, promise, or even mention of confinement in the U.S. Disciplinary Barracks." (Docket No. 22 at 2). Respondent thus seeks judgment entered for the government in this matter.

**Claim One**

In his first claim for relief, petitioner complains that if he were in military custody, he would receive $35 each month for "health and comfort items" and would not have to make medical co-payments for medical appointments. In his request for relief, he seeks monetary compensation equal to the amount of health

and comfort funds lost due to non-issuance by the BOP and FCI Englewood.  This court agrees with the respondent that the petitioner's demand for reimbursement is a request for monetary compensation that relates to his conditions of confinement rather than the fact or length of confinement.  "The fundamental purpose of a § 2241 habeas proceeding is . . . 'an attack by the person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'"  McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).  "In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions."  Id. at 812 (quoting Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993)).  A petitioner "may not raise his challenges to conditions of confinement in a Section 2241 petition."  Boyce v. Ashcroft, 251 F.3d 911, 918 (10th Cir.), judgment vacated on rehearing (due to mootness), 268 F.3d 953 (10th Cir. 2001).  Therefore, this court recommends dismissal of the petitioner's first claim for relief because his claims concerning the conditions of confinement are not the proper subject of an action pursuant to § 2241.

Based on this finding, it is unnecessary to address respondent's additional argument that petitioner failed to exhaust his administrative remedies with respect to these claims concerning petitioner's conditions of confinement.

**Claim Two**

In his second claim, petitioner claims there has been a "downward departure of justice & deprivation of liberty" in violation of the Fourteenth Amendment

because his transfer resulted in the loss of the possibility of parole, eligibility in a mandatory supervised release program, and the potential enrollment in crime-specific treatment. This court finds no merit to this claim.

Respondent correctly notes that the petitioner was transferred to BOP custody pursuant to 10 U.S.C. § 858(a) which authorizes incarceration of military prisoners in any penal or correctional institution under the control of the United States or which the United States may be allowed to use. That section provides:

> Under such instructions as the Secretary concerned may prescribe, a sentence of confinement adjudged by a court-martial or other military tribunal, whether or not the sentence includes discharge of dismissal, and whether or not the discharge or dismissal has been executed, may be carried into execution by confinement in any place of confinement under the control of any of the armed forces or in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use. **Persons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States** or of the State, District of Columbia, or place in which the institution is situated.

10 U.S.C. § 858(a) (emphasis added). As noted by respondent, § 858(a) subjects military prisoners, like petitioner, who are in BOP facilities to BOP rules in lieu of military rules, with the same advantages and disadvantages that accrue to civilian prisoners. See Hirsch v. Secretary of the Army, 1999 WL 110549 (10th Cir. Mar. 2, 1999) (unpublished opinion attached to Response as Resp.'s Ex. Q); Roberts v. U.S. Dep't of the Navy, 1992 WL 75205 (10th Cir. 1992); Fell v. Warden, 2000 WL 122519 (D. N.J. Feb. 2, 2000). This includes the rules and guidelines regarding parole consideration, see Hirsch, 1999 WL 110549, and it follows that the same

would hold true for supervised release.

Furthermore, petitioner does not have a liberty interest in the "possibility of parole" under the military parole system. As noted by respondent, Army regulations provide that "there is no right to . . . parole." Army Regulations 15-130, § 2-2(d); <u>Artis v. U.S. Dep't of Justice</u>, 166 F. Supp.2d 126, 131 (D. N.J. Oct. 18, 2001) ("Inasmuch as the military parole regulations do not create any liberty interest in parole release, Petitioner does not have any procedural due process rights under that system).

In addition, while petitioner also claims that his transfer has denied him the potential to enroll in crime-specific treatment, the BOP has treatment and counseling programs available.[2]

**Claim Three**

In his third claim, petitioner alleges a "failure of due process" in violation of the Fourth Amendment because his transfer from military custody and housing at the United States Disciplinary Barracks to BOP custody allegedly was an action against the terms of a Pre-Trial Agreement which states that petitioner will serve his sentence at the United States Military Barracks. A review of the Pre-Trial Agreement (Docket No. 22-2), however, belies this claim. As correctly asserted by the respondent, the document includes no agreement, promise, or even mention of confinement in the U.S. Disciplinary Barracks. Therefore, petitioner's third claim

---

[2]Respondent has also shown that while in the military barracks, petitioner refused to participate in some treatment programs and failed to complete others. (Resp.'s Ex. H).

for relief also fails.

In sum, substantially for the reasons stated in the respondent's Response (Docket No. 10), the petition should be denied and dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 2) be denied and dismissed with prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  March 16, 2009            s/ Michael J. Watanabe
       Denver, Colorado             Michael J. Watanabe
                                   United States Magistrate Judge